Richardson, Ch. J.,
delivered tbe opinion of tbe court:
Tbe Act of March 3,1891 (cb. 538), giving to this court jurisdiction of certain claims of citizens of tbe United States for depredations committed by Indians (20 Stat. L., 851, and 1 Supp. Rev. Stat., 2d ed., p. 913), in section 2, makes tbe following proviso:
“ That no claim accruing prior to July first, eighteen hundred and sixty-five, shall be considered by the court unless the claim shall be allowed or has been or is pending, prior to tbe passage of this act, before tbe Secretary of tbe Interior or tbe Congress of tbe United States, or before any superintendent, agent, subagent, or commissioner, authorized under act of Congress to inquire into such claims; but no case shall be considered pending unless evidence has been presented therein.”
By tbe petition tbe claim is alleged to have accrued prior to July 1,1865, to wit, on tbe 27th of August, 1859, and it can not, therefore, be considered by tbe court unless prior to tbe passage of tbe act of March 3,1891, it bad been allowed by the Secretary of tbe Interior, or was pending before him or before Congress or some public officer named therein.
Tbe claim had never been allowed, and tbe only question is whether it was pending before tbe Secretary of tbe Interior prior to the passage of tbe act.
Ordinarily a claim is pending before executive officers as soon as application for payment is properly made in accordance with tbe rules applicable thereto. But Congress did not use tbe word pending in its ordinary sense, as it expressly declares in tbe act that “no case shall be considered as pending unless evidence has been presented therein.”
Tbe sworn allegations of tbe claimant, relied upon as evidence presented to tbe Secretary of tbe Interior, were nothing more than were required by the rules of tbe Secretary to form part of the application for payment, and can not be considered as evidence made necessary by tbe act to constitute a case pending.
Tbe application for payment must be considered, like tbe declaration in an action at law, as a necessary part of tbe pleadings, and its being sworn to, as required by departmental rules, gives it no other character than that of an ex parte affidavit, which is always held to be incompetent. Tbe word evidence has a well-known significance, entirelyindependentof tbe *424 pleadings, and means competent evidence, sncb as documents properly authenticated and proved, or oral testimony taken under the forms of law, wherein opportunity for cross-exami.nation has been offered, all of which is presented subsequently to the declaration, or in connection therewith in proof of its allegations.
It was evidently the intention of Congress to protect those who had incurred the expense of taking testimony and collecting evidence and presenting the same to the Department and to exclude those who had made application for payment and thereafter had taken no steps for the prosecution of their claims, and especially to exclude those who, while the bill was pending-before Congress, hastened to make application for payment of claims which had been neglected for so many years as to labor under the presumption, or suspicion at least, of being visionary or stale.
The present claim certainly comes within the latter class. More than thirty years after the alleged depredation was committed and less than one month before the passage of the act of March 3, 1891, it was first presented for payment. What has happened was probably anticipated by Congress, that during the pendency of the bill a large number of claims would be presented to the Secretary of the Interior with the hope of gaining a standing in the Court of Claims under the act without having incurred any expense whatever in obtaining and presenting evidence in their support to Congress, the Secretary of the Interior, or other officer authorized to inquire into it.
This is the only interpretation that will give force and effect to the words of the act defining the meaning of “pending” as therein used, because declarations under oath similar to those upon which the claimant relies as being evidence within the meaning of the act were required to be contained in every application, and if no further evidence were necessary, then all applications were pending, without regard to the evidence presented.
The claimant relies upon the following provision of the act of March 3, 1891, as making the application and declarations filed in the Interior Department competent evidence:
“In considering the merits of claims presented to the court any testimony, affidavits, reports of special agents or other *425 officers, and such, other papers as are now on file in the Departments or in the courts relating to any such claims, shall be considered by the court as competent evidence.”
It must not be overlooked that this provision applies only to evidence made competent in the Court of Claims by statute, while the evidence referred to in the act as to pending cases refers to that which is competent by the ordinary rules of law.
The judgment of the court is that the petition be dismissed.