# NESBITT *v.* UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 578. Submitted April 18, 1902.—Decided May 19, 1902.

This was an appeal from a judgment of the Court of Claims, sustaining a plea to the jurisdiction of the court to hear a petition filed by appellants, under the Indian Depredation Act of 1891. The plea was sustained.

THE case is stated in the opinion of the court.

*Mrs. Belva A. Lockwood* for appellants.

*Mr. William H. Robeson* filed a brief for same.

Mr. Justice McKenna delivered the opinion of the court.

This is an appeal from a judgment of the Court of Claims sustaining a plea to the jurisdiction of the court to hear a petition filed by appellants under the Indian Depredation Act of 1891.

The purpose of the petition was to recover the sum of $7950 against the United States, for the value of eighteen head of mules and twenty-nine head of horses, alleged to have been taken and driven away by the Sioux Indians on or about the 25th day of July, 1864.

The plea to the jurisdiction of the court was based upon the fact that the depredation charged was alleged to have been committed "prior to the 1st of July, 1865, and that no claim for such depredation was ever presented to the Secretary of the Interior or the Congress of the United States, or any superintendent, agent, subagent or commissioner, authorized under any act of Congress to inquire into such claims, within the meaning of the first proviso of the second section of the act of March 3, 1891." C. 538, 26 Stat. 851.

Section 2 of the act of 1891 reads as follows:

"That all questions of limitations as to time and manner of presenting claims are hereby waived, and no claim shall be excluded from the jurisdiction of the court because not heretofore presented to the Secretary of the Interior or other officer or department of the government: *Provided*, That no claim accruing prior to July 1, 1865, shall be considered by the court unless the claim shall be allowed or has been or is pending prior to the passage of this act, before the Secretary of the Interior or the Congress of the United States, or before any superintendent, agent or subagent, or commissioner authorized under any act of Congress to inquire into such claims; but no case shall be considered pending unless evidence has been presented therein: *And provided further*, That all claims existing at the time of the taking effect of this act shall be presented to the court by petition, as hereinafter provided, within three years after the passage hereof, or shall be thereafter forever barred."

The claim was filed in the Interior Department March 2, 1891, before the passage of the act, but it is contended by the Government that it was not "pending" before the Secretary. of the Interior because no evidence had been "presented therein."

The affidavit of Joseph A. Nesbitt accompanied the claim, and was very full as to the locality and circumstances of the depredation. It also stated the attempts which were made to recover the animals and the failure of the attempts, and gave the names of the witness by whom the depredation could be proved.

The question in the case is whether such affidavit constituted the presentation of evidence of the claim so as to bring the claim within the statute.

Claims for Indian depredations filed in the Interior Department after 1872 were filed under the act of 1872. 17 Stat. 190, c. 233. Section 7 of the act reads as follows:

"That it shall be the duty of the Secretary of the Interior to prepare and cause to be published such rules and regulations as he may deem necessary or proper, prescribing the manner of presenting claims arising under existing laws or treaty stipulations, for compensation for depredations committed by the Indians, and the degree and character of the evidence necessary to support such claims; he shall carefully investigate all such claims, as may be presented, subject to the rules and regulations prepared by him, and report to Congress at each session thereof the nature, character and amount of such claims, whether allowed by him or not, and the evidence upon which his action was based: *Provided,* That no payment on account of said claim shall be made without a specific appropriation therefor by Congress."

In pursuance of that act the Secretary of the Interior established the following regulations:

"1. Application for indemnity, or satisfaction for the loss or injury sustained, must be made by the claimant, his attorney, or duly authorized agent, . . . to the United States, . . . Indian agent, subagent, within whose jurisdiction or charge the nation, tribe or band is to which the offenders or depredators belong.

" 2. The necessary documents and proofs must accompany the application of the claimant, his attorney, or agent, and should be in legal form, and consist—

" First. Of the sworn declaration of the claimant, setting forth when and where the depredation was committed, and by what Indians, their tribe or nation being named; describing fully the property stolen or destroyed, and giving the quantity of each article or number, condition, or quality thereof, and the just value of each article or piece of property at the time the same was so taken or destroyed. Should the depredation have been committed while the claimant was in the Indian country, he must state whether he was lawfully there, either having a license to trade with the Indians, a passport, or a permit from the proper Indian authorities, or was *en route* through said country to a place of ultimate destination at some point within the limits of any State or Territory not included within the limits of the reservation for any nation or tribe of Indians set apart by treaty provision, or by executive order; and he in such declaration must further state whether any of the property so stolen or destroyed has subsequently been recovered by or for him, the claimant ; and whether the claimant has at any time received part compensation therefor ; and if so, how much, when, and from what source; and further, that the claimant has in no way endeavored to obtain private satisfaction or revenge.

" Second. Of depositions of two or more persons having personal cognizance of the facts or any of them as embraced in the declaration of the claimant, which depositions must set forth the means of knowledge which deponents have as to the fact of the depredation, when, where, by what Indians, and under what circumstances the depredation was committed, of what the property consisted that was so taken or destroyed by the Indians, describing it as fully as practicable, and stating the value thereof. If the deponents, or any of them, were at the time of the depredation in the employment of the claimant it must be so stated, and in what capacity. Regulations Indian Department, 1884, p. 81."

To the requirements of the act of 1872, and the regulations

authorized by it, the word "evidence," in the act of 1891, must be considered as referring, and the claim of the appellant was not accompanied by such evidence. It was accompanied by the deposition of one of the claimants, but not of "depositions of two or more persons having personal cognizance of the facts or any of them as embraced in the declaration of the claimants." Persons having such knowledge existed, it was stated, and their affidavits promised, but they had not been presented.

Nor is the petitioner helped by section 4 of the act of 1891, which provides that—

"In considering the merits of claims presented to the court any testimony, affidavits, . . . and such other papers as are now on file in the departments relating to any such claims, shall be considered by the court as competent evidence."

That provision is applicable to the claim after it is presented to the court, and does not relieve from the conditions expressed in section 2. See *Weston's case,* 29 C. Cl. 420, 424, where the provisions of the statutes and the reasons for them are clearly expressed.

*Judgment affirmed.*