WeldoN, J.,
delivered the opinion of the court:
On March 10, 1902, the court made an order dismissing the petition upon the ground that the case came within the case of Weston (29 C. Cls. R., 420) in not having been filed in the Department and pending therein, within the meaning of tig* act of March 3, 1891 (26 Stat. L., 851). ¿dÉB
*168 The provision of the statute applicable to the question in this case is as follows, to wit:
“That no claim accruing prior to July first, eighteen hundred and sixty-five shall be considered by the court unless the claim shall be allowed or has been or is pending, prior to the passage of this act, before the Secretary of the Interior or the Congress of the United States, or before any superintendent, agent, subagent, or commissioner, authorized under the act of Congress to inquire- into such claims; but no case shall be considered pending unless evidence has been presented therein.”
The decision of the question on the motion for a new trial was suspended to await the decision of the Supreme Court in the case of Nesbitt and Moore (186 U. S., 153), which involves substantially the same question as in the Weston case (supra).
It is said in the syllabi of the Weston case :•
“Ordinarily a case is pending in a Department as soon as application is made for payment. But in the Indian depredation act of 1891 it is provided that ‘ no case shall be considered aspending unless evidence has been presented therein.’ The sworn allegations of the claimant appended to his claim required by the rules prescribed by the Secretary of the Interior are not evidence within the meaning of the act.”
In the Nesbitt and Moore case special reference is made to the Weston case, where it is said:
“The provisions of the statutes and the reasons for them are clearly stated. ”
In this case Thomas J. Butler, on the 25th day of February, 1891, filed his original claim duly sworn to, and filed in support thereof the affidavit of Helen S. Webb, the widow of his deceased partner. The affidavit in effect is, that she has read the affidavit of the claimant and believes the same to be true for the following reasons, to wit:
“Affiant has often heard her husband, A. H. Webb, deceased, speak of the loss he and his partner, Thomas J. Butler, suffered through a certain depredation committed by the Pitt 'liver Indians in September, 1854, on the trail between Black ^ rte and Lost Creek in Chester County, Cal., at which time ■L. A Pitt River Indians stole and drove away cattle belong-BHhfe ■ said A. H. Webb, deceased, and his said partner, Butler, said cattle being in the possession and under *169 the personal control of the said A. H. Webb, deceased; that the said A. H. Webb, deceased, said that he saw the depredation committed by the said Pitt River Indians, and that the value of the cattle driven away, killed, and stolen by the said Indians was worth at that time between $1,000 and $5,000.”
The counsel for claimant insists that this case differs from the Nesbitt and Moore case in this, to wit, that in the Nesbitt and Moore case it appeared'in the papers filed that there were other persons having knowledge of the depredation, while in this case it is shown in the papers that all other persons having knowledge of the depredation were dead.
It is said in the opinion of the Supreme Court:
“It is also stated the attempts which were made to recover the animals and the failure of the attempt, and gave the names of the witnesses by whom the depredation could be proved.”
The case of Nesbitt and Moore and the Weston case are in legal essence the same as this case, and to differentiate between those cases and the case at bar would destroy the legal effect of the doctrine of stare decises.
To establish a new and different rule of law to suit the technical exactness of each case would be subversive of that principle of certainty which makes the law “a rule of civil conduct.”
It is argued by counsel for claimant that in the case of Weston this court went too far in saying that the evidence required by the act as to pending cases refers to that which is competent by the ordinary rules of law; but unfortunately for that position, the Supreme Court has adopted that decision as correct statement of the law upon the very question at issue in this proceeding.
This claim, like the claim in the Nesbitt and Moore case, was filed in the Department nearly forty years after the date of the 'depredation, and as was said in the Weston case, in probable anticipation of the bill then pending in Congress. The claim as filed was not only deficient in the elements of proof, as required by the Weston case, but it was deficient in substantially all the requirements of the rules prescribed by the Secretar}'- of the Interior- under the act of 18T2 (IT Stat. L., 190, c. 238). For these reasons the motion for a new trial is overruled.